## STIMPSON v. FOODY.

(Supreme Court. Appellate Term. June 1, 1906.)

EXECUTION—SUPPLEMENTARY PROCEEDINGS—TRANSFER OF NOTE BY DEBTOR—ACTION BY RECEIVER—EVIDENCE.

Evidence, in an action by the receiver in supplementary proceedings of F., claiming as the property of F. a note executed by N. to F., and by F. transferred to his brother, M., that several months after the alleged transfer M. said that F. owed him (M.) nothing, is insufficient to overcome the otherwise undisputed evidence that F., prior to entry of the judgment against him, transferred the note to M. in part payment of the debt of F. to M.

Appeal from City Court of New York, Trial Term.

Action by Henry C. S. Stimpson, receiver in supplementary proceedings of Martin Foody, against Michael E. Foody, interpleaded in place and stead of George S. O'Neil. From a judgment on a verdict for plaintiff, and from an order denying a motion for new trial, defendant appeals. Reversed, and new trial granted.

Argued before GILDERSLEEVE, DAVIS, and CLINCH, JJ.

Jellenik & Stern (Nathan D. Stern, of counsel), for appellant.
Steuer & Hoffman (Charles L. Hoffman and Henry A. Friedman, of counsel), for respondent.

GILDERSLEEVE, J. The action is by a receiver in supplementary proceedings to recover the proceeds of a promissory note. It is the claim of plaintiff that on August 15, 1902, one George S. O'Neil made, executed, and delivered to Martin Foody, the judgment debtor, for a valuable consideration, his note for $500, payable on February 15, 1903. A judgment was recovered against said Foody on December 31, 1902, for the sum of $289.33, upon which execution was issued on the same day and returned unsatisfied. Supplementary proceedings were instituted, an examination had, and the existence of this note discovered. Thereupon, and on April 6, 1903, plaintiff was appointed receiver of the property and assets in proceedings supplementary to execution of the said Foody. It is plaintiff's contention that during all this time, since said 15th day of August, 1902, said O'Neil had in his possession $500 belonging to said Foody, and on June 8, 1903, an action was commenced by plaintiff, as such receiver, against said O'Neil, to recover the said sum of $500. Said O'Neil paid the money into court, and an order of interpleader was entered, substituting one Michael E. Foody, brother of said Martin Foody, as defendant in place of said O'Neil, as said Michael E. Foody claims that his said brother, the judgment debtor, Martin Foody, on the 16th day of Au-

gust, 1902, indorsed said note and for a valuable consideration delivered the same to said Michael E. Foody, and that the latter is the present owner and holder of the note. The issue presented was whether or not the defendant Michael E. Foody became the owner and holder of the note for a valuable consideration before the entry of the judgment and the appointment of the plaintiff as receiver. The court submitted the case to the jury, who found for the plaintiff. The defendant appeals.

The evidence of the two Foodys is that Martin Foody owed Michael E. Foody, who was a police captain, money in a considerably larger amount than that of the note, and that on August 16, 1902, Martin indorsed the note and delivered it to Michael, together with two other notes, in part payment of the debt. The only evidence tending to contradict this testimony is that of one of the judgment creditors, Thomas Laughlin, who says that in December, 1902, some four months after the transaction between the two Foodys, Michael E. Foody stated to the witness that Martin did not owe him (Michael) anything. The only effect of this testimony would seem to be that the transfer of the three notes canceled the entire indebtedness of Martin to Michael. There does not appear to be any claim of fraud in the transaction between the Foody brothers, either in the pleadings or proofs. Michael undoubtedly is in possession of the note, and the evidence as to its transfer, before the appointment of plaintiff as receiver and before the entry of the judgment against Martin Foody, seems to be absolutely uncontradicted by any proof in the case. Both Foodys testify that Martin owed Michael $2,800 for money loaned, and, as we have seen, that on August 16, 1902, the former indorsed over to the latter three notes, amounting in the aggregate to $1,350, including the note in suit. Michael's alleged declaration to Laughlin, four months later, that Martin owed him (Michael) nothing, would, as we have above stated, at best only show that Michael had determined to consider his brother's debt as paid, or, in other words, release his brother from paying the balance. His saying to Laughlin, "My brother has caused me trouble enough," would seem to indicate that he wished to be done with him. The verdict is clearly against the evidence, and should be set aside.

Judgment and order appealed from are reversed, and a new trial granted, with costs to appellant to abide the event. All concur.